## No. 176.

WM. G. HENRY *v.* PAUL TRICOU—S. D. MOODY, Third Opponent.

1. In a sale of machinery, or other articles of great weight, manual delivery is not contemplated or possible, and hence. is not in law required.
2. Where property is in the possession of a joint owner, and his co-owner has alienated, the acceptance or recognition, by the co-owner in possession, of the title of the acquirer, completes delivery.
3. La. C. C. Art. 468, making immovable by destination things placed by the owner upon a tract of land, for its service or improvement, and also movables which may be similarly attached to the tenement or building, applies only when the improvements, etc., are thus added or attached by the *owner*, and not when it is merely a tenant who does it.
4. Where a tenant has made such additions to the soil or building, the owner has only the right, as to such improvements, etc., of compelling him who put them up, or on, to remove, or to retain them as his own, upon paying to the tenant, costs of materials and workmanship.
5. In such a case, until the owner elects to retain, the improvements, etc., remain the property of him who put them up, or on, such ownership, however, remaining subject to the right of the owner of the realty, as given by law.
6. The conferring, therefore, by destination, of the character of an immovable upon improvements placed by a tenant upon realty belonging to the lessee, depends solely upon the volition of the lessor.
7. Nor does this change in character take place until the lessor has exercised his choice under the law.

*Appeal from the Civil District Court. Tissot, J.*

*T. M. Gill* for plaintiff and appellant.

*J. B. Guthrie* for third opponent.

ROGERS, J.—The plaintiff having obtained a judgment against the defendant Tricou, with privilege on certain engines and machinery located in buildings 178, 180 and 182 South Peters street, caused to be seized under a writ of *fieri facias* said engines and machinery.

S. D. Moody, claiming to be the owner of one undivided half of the property seized, enjoined the sale. There was judgment in his favor, and plaintiff appealed.

The testimony adduced, in our opinion, has involved enquiry into matters that can have no force in determining this controversy.

There is and has been no dispute that the ownership of the one undivided half now claimed by Moody was originally in Ferguson, and he is in this record acknowledging and confirming the ownership in Moody, and thereby ratifying the sale made by Guthrie; there is no judgment against Ferguson, nor are his rights attacked in any way. It matters little, therefore, what were the terms and the relations of the transaction between Ferguson and Guthrie as to the disposition of the machinery and engines, by which, with Ferguson's approbation, Guthrie was enabled to make a sale and delivery to Moody. We are not able to discover from the record what avail it would be to plaintiff to have us decree that there was no sale, either to Guthrie by Ferguson or by Guthrie to Moody, for there is no shadow of right shown in favor of plaintiff to seize and sell the property, even of Ferguson, for a claim against Tricou. If anyone has the right to complain about a divestiture of title, that person is Ferguson, and he, on the contrary, is in court recognizing a final ownership in Moody.

However, as counsel for plaintiff has laid much stress in argument on the question of a delivery of the property sold by Guthrie to Moody, we will state, that from the very nature of the articles sold, heavy engines, machinery and appliances, it was evident that the delivery from hand to hand could not be made; nor was it advisable, nor was it to be expected that the machinery should be taken apart and divided out, piece by piece—the one-half given to Moody and the other half to Tricou; nor was there a necessity for this. La. C. C. 2478. Tricou was in possession of this property as joint owner, and a formal acceptance by him of the vendee's title and a recognition of the latter as a joint owner with him, of the property which he had held formerly in joint ownership with the vendor, is, as a matter of fact, a delivery, when the acts of the parties are not fraudulent; and a joint responsibility assumed and possession once acquired by the vendee, the law will presume the intention to possess sufficient to preserve possession. La. C. C. 3442. And, more than this, it is shown that Ferguson, whom, we have already said, was at one time the un-

disputed owner, leased the property from Moody, as the owner thereof.

We are considering the property seized as movable, and conclude the delivery sufficient as to property of that character.

Plaintiff, however, contends that the engines and machinery having been attached to real estate permanently, have become immovable by destination, and that, therefore, the sale should have been recorded to affect third parties.

Article 468, Louisiana Civil Code, provides that " things which the *owner* of a tract of land has placed upon it for its service and improvement, * * * and are such movables as the *owner* has attached permanently to the tenement or building, are immovable by destination."

And to the same effect is Louisiana Civil Code, Article 469, referring to movables affixed to a building with plaster or mortar, or such as cannot be taken off without breaking or injuring the part of the building to which they are attached." Theurer vs. Nautre 23 La. An. 749.

In this case, however, the machinery and engines were constructed by Tricou & Ferguson, who *are not the owners,* simply tenants of the owners of the building.

In Baldwin vs. Union Insurance Co., 2 Rob. La. 136, these words were used :

" Under the Roman law, (' *De Acquirendo Rerum Dominio,' Lib. 41, Tit. 1, Sec. 12*), the doctrine of accession was carried so far, that the person who made constructions on a soil which he knew to belong to another, was presumed to be willing to lose his materials and had no claim whatever against the owner of the soil, who acquired an absolute right to whatever was erected on it. Our law, Civil Code, Article 500 (now Article 508, Revised Civil Code) has so far modified the effects of accession in such cases, as to give the owner of the soil only the alternative of having the buildings removed at the cost of the person who erected them, or of keeping them as his own on paying to the owner of the materials their value and the price of workmanship. Until this

election be made, the works, although subject to the right of acquisition given the *owner of the soil*, continue to belong to and are at the risk of the person who made them."

From this it is very plain that the character of an immovable given by destination to a movable, is an act of the owner of the soil; that this character cannot be given by a tenant without the consent of the owner, nor does the change occur in the property by destination until the owner shall have elected to keep the addition as his own under the provisions of Article 508, La. Civil Code.

We do not discuss the question whether or not plaintiff has a privilege for his work and materials furnished on that part of the property owned by Moody; if he has he must assert it, and if he can establish such right he will not lack the facilities, which the law affords for executing it, but he cannot, in a judgment against Tricou, proceed against and submit to his writ the property of a third person.

The judgment perpetuating the writ of injunction was, we think, correct, and it is therefore affirmed.